UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDOR KAPITULA,<br><br>                        Plaintiff,<br><br>     v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>                        Defendant. | No.  2:19-cv-731-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  The parties have filed cross-motions for summary judgment.  ECF Nos. 12 & 15.  For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   Background

Plaintiff filed an application for a period of disability and DIB, alleging that he had been disabled since November 19, 2013.  Administrative Record ("AR") at 202-08.  After his application was denied initially and upon reconsideration (*id.* at 129-33, 137-141), a hearing was held before administrative law judge ("ALJ") Christopher C. Knowdell (*id.* at 88-107).  Plaintiff was represented by a non-attorney representative at the hearing.  *Id.* at 26, 88.

1

On April 17, 2018, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 26-34. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2019.

2. The claimant has not engaged in substantial gainful activity since November 19, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).

* * *

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: left femur fracture status post ORIF, right shoulder pain secondary to right shoulder impingement, diabetes, hypertension, and plantar fasciitis (20 CFR 404.1520(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except occasional climbing of ropes, ladders and scaffolds, ladders [sic], and crawling; frequently climbing stairs and ramps, stoop, balance, kneel, and crouch; and frequently overhead reaching.

* * *

6. The claimant is capable of performing past relevant work as a tractor trailer truck driver. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

* * *

7. The claimant was not under a disability, as defined in the Social Security Act, from November 19, 2013, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 28-34.

Plaintiff's request for Appeals Council review was denied on February 21, 2019, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II.     Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is

more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   Analysis

Plaintiff's motion advances four principal arguments. First, plaintiff argues the ALJ failed to properly evaluate the severity of all of his impairments at the second step of the sequential evaluation. Second, he argues that the Commissioner erred in evaluating additional evidence he submitted to the Appeals Council. Third, plaintiff contends that the ALJ rejected his testimony without providing clear and convincing reasons. Fourth, he argues that the ALJ improperly relied on opinions from non-examining opinions to assess plaintiff's residual functional capacity.

The court agrees that the ALJ rejected plaintiff's testimony without legally sufficient reasons. This constitutes reversible error requiring remand for further administrative proceedings. Plaintiff's remaining arguments are predicated primarily on evidence that was not before the ALJ. Because the ALJ will have the opportunity to consider that evidence on remand, the court finds it unnecessary to address plaintiff's remaining arguments.

A.   Relevant Legal Standards

In evaluating a plaintiff's testimony regarding subjective pain or symptoms, an ALJ must follow a two-step analysis. First, the ALJ must determine whether the plaintiff has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). At the first step, "the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show

that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Id*. "[F]or the ALJ to reject the claimant's complaints, the ALJ must provide specific, cogent reasons for the disbelief." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotations and quotation marks omitted); *see Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (once a plaintiff submits medical evidence of an impairment that could reasonably be expected to produce the alleged symptoms, "the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.").

B.  Discussion

Plaintiff testified that he stopped working in 2013, after fracturing his hip. AR 92, 299. He also has "a lot" of pain in his right arm and shoulder and experiencing numbness in his hands, which makes holding items difficult. *Id*. at 95. Functionally, plaintiff stated he could lift approximately 10 pounds, sit in one place for 10 to 15 minutes before needing to change positions, and walk 10 to 15 minutes before needing a break. AR 93.

The ALJ concluded that plaintiff's allegations regarding the severity of symptoms and their limiting effect was not fully supported by the overall medical record. "account of the severity of symptoms, as well as her [sic] allegations regarding functional limitations, are not fully supported by the overall medical records . . . ." AR 31.

The ALJ concluded that plaintiff's allegations regarding the severity of symptoms and resulting limitations were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 30. As the Commissioner acknowledges, the decision proffered only two reasons for its adverse credibility finding: (1) plaintiff's subjective complaints were not corroborated by the objective medical evidence, and (2) they were inconsistent with state agency physicians' opinions. *Id*. at 30-31; *see* ECF No. 15 at 5-7.

These inconsistencies may be properly considered, but on this record they cannot support the rejection of plaintiff's testimony.  The ALJ's first reason—a lack of objective medical evidence corroborating the severity of an impairment—cannot serve the sole basis for discrediting plaintiff's testimony.  *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (The ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.").

Nor can a contradiction between plaintiff's alleged symptoms and a medical opinion justify the ALJ's rejection of plaintiff's testimony.  As this court recently observed, "[t]o hold otherwise would allow an ALJ to disregard a claimant's subjective complaints anytime the record contains conflicting medical opinions, which often occurs in social security cases." *De Vera v. Saul*, 2020 WL 2793041, *4 (E.D. Cal. May 29, 2020) (Mag. Brennan); *see also Myres v. Colvin*, 2014 WL 7186794, at 1 (D. Or. Dec. 16, 2014) ("[I]n almost every case that reaches this Court, there is a medical opinion that conflicts with the plaintiff's testimony.  This [conflict] cannot be, by itself, a clear and convincing reasons to discredit every plaintiff.").

In an effort to salvage the adverse credibility determination, the Commissioner argues that plaintiff's testimony is inconsistent with his treatment records, which show he presented without complaints of pain at multiple medical appointments, and that physical therapy reduced his level of pain.  ECF No. 15 at 7-8.  The ALJ, however, did not rely on the records cited by the Commissioner in concluding plaintiff was not credible.  Because this court's review is limited to the rationale provided by the ALJ, the post-hoc rationalizations advanced by the Commissioner cannot justify the ALJ's rejection of plaintiff's subjective complaints.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d

735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

IV. Conclusion

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross-motion for summary judgment is denied;
3. The matter is remanded for further proceedings consistent with this order; and
4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: September 30, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE